**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN LEE BRAZIEL, LISA M.
MONTOYA, ROBERT P. CURRY,
PEDRO B. QUINONES,
FELIPE J. KIEDAISCH,

        Plaintiffs-Appellants,

   and

WILLIAM RUSSELL,
EDDIE L. LEWIS,

        Plaintiffs,

v.

TOBOSA DEVELOPMENTAL
SERVICES, a nonprofit New Mexico
corporation,

        Defendant-Appellee.

No. 97-2288

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CIV-96-893-LFG)

Submitted on the briefs:

W.T. Martin, Jr., Carlsbad, New Mexico, for Plaintiffs-Appellants.

Deborah D. Wells of Kennedy, Moulton & Wells, P.C., Albuquerque, New Mexico, for Defendant-Appellee.

---

Before **PORFILIO, KELLY,** and **HENRY** , Circuit Judges.

---

**PORFILIO** , Circuit Judge.

---

Plaintiffs-appellants appeal from the district court's grant of summary judgment to defendant-appellee Tobosa Developmental Services on their claims for unpaid wages, damages, and attorney's fees sought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. [1] Appellants brought individual complaints against Tobosa under the FLSA. [2] Upon Tobosa's motions for summary judgment, the district court ruled against appellants on all FLSA claims, filing five separate opinions and subsequent judgments. Our jurisdiction arises from 28 U.S.C. § 1291. We review the district court's dispositions de novo,

---

[1] Original plaintiffs William "Bill" Russell and Eddie L. Lewis were dismissed by the district court and have not appealed.

[2] Plaintiffs Braziel and Curry also originally asserted wrongful termination claims under state law. The parties agreed, in a stipulated motion, to dismiss Curry's termination claim. The district court granted summary judgment to Tobosa on Braziel's wrongful termination claim. Because Braziel presents no argument regarding the termination claim, he is deemed to have abandoned it on appeal. See State Farm Fire & Cas. Co. v. Mhoon , 31 F.3d 979, 984 n.7 (10th Cir. 1994).

-2-

applying the same legal standard as that court pursuant to Fed. R. Civ. P. 56(c).

See Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996). Where there are no genuine issues of material fact in dispute, we examine the appropriate legal standards to determine whether the moving party is entitled to summary judgment as a matter of law. [3] See id.

The following facts are undisputed: Tobosa is a nonprofit corporation which provides housing and residential care and supervision for developmentally disabled people. Appellants were in Tobosa's employ as residential assistants, and as such, worked in homes leased by Tobosa, assisting Tobosa's clients with daily living tasks. While working as residential assistants, appellants each had their own bedrooms and often their own bathrooms, and use of the house's kitchen facilities and other common amenities. Plaintiffs Braziel, Curry, and Montoya were scheduled to work shifts greater than twenty-four hours in length. All of appellants' working schedules included overnights.

Although Tobosa and appellants did not discuss payment for sleep time when appellants were hired, all of them understood that it was Tobosa's policy not to pay for time scheduled as sleep time, generally an eight-hour period from

---

[3] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

10:00 p.m. to 6:00 a.m.  This policy had been in place since 1988, before any of appellants were hired.  None of appellants filed formal grievances about this policy, although they were aware there was a grievance procedure in place.  Several appellants did complain to supervisors and others about the sleep time policy after they had been in Tobosa's employ as residential assistants anywhere from one month to six months.

Tobosa had a policy of paying residential assistants for any time they were disturbed during the night, if the disturbance was reported.  Although some appellants alleged that they regularly got less than five hours sleep during the scheduled sleep time, they often did not report disturbances as required by the policy.  Several appellants said that they did not report disturbances because they thought the disturbances had to be major incidents and because other employees told them they wouldn't get paid for that time.  Appellants alleged generally that Tobosa did not follow its policy of paying for sleep time interruptions, however, none of them alleged reported disturbances for which they were not paid and none of them refused any paychecks from Tobosa.

Regulations promulgated pursuant to the FLSA provide that, absent an express or implied agreement to the contrary, sleep time and meal periods constitute hours worked.  However, an employer and its employees may agree to exempt sleep time and, in the case of employees residing on-site, other reasonable

-4-

private time, from paid working time. See 29 C.F.R. §§ 785.22, 785.23. Where working shifts longer than twenty-four hours are scheduled, adequate sleeping facilities must be furnished and interruptions in sleep time are counted as hours worked. If an employee cannot get at least five hours of sleep during the scheduled sleep period, the entire period counts as time worked. See id. § 785.22.

Whether analyzed under § 785.22 as to work shifts greater than twenty-four hours or under § 785.23 as to overnight work shifts less than twenty-four hours, the key issue in this case is whether an agreement existed between Tobosa and appellants to exempt scheduled sleep periods from hours worked. The district court granted summary judgment to Tobosa because it concluded, on the relevant facts discussed above, that an implied agreement existed that appellants would not be paid for scheduled sleep time. [4] See Appellant's App., Vol. III, at 575-78, 586-88, 595-98, 605-07, 615-16. On appeal, appellants argue that the district court erred, relying on an unpublished order and judgment from this court, Brown v. City of Oklahoma City, No. 93-6389, 1994 WL 721389 (10th Cir. Dec. 23, 1994). They also rely on an Eighth Circuit case, Hultgren v. County of Lancaster, 913 F.2d 498 (8th Cir. 1990). Finally, they argue that an analysis of New Mexico

---

[4] Plaintiff Curry also signed an express agreement that he would not be paid for scheduled sleep time; however the court's implied agreement analysis applies to that period of time before the express agreement was in place.

law indicates that where the evidence conflicts or leads to more than one inference, the issue should be decided by a jury as an issue in fact.

We agree with the district court both that an agreement to exempt sleep time from paid work under the FLSA can be implied, and that the undisputed facts in this case compel the conclusion that there was an implied agreement to do so. Although it is clear from the record and appellants' pleadings that they became unhappy with the policy sometime after beginning their employment with Tobosa, it is equally clear that appellants understood and acquiesced to the policy when they were hired. See Ariens v. Olin Mathieson Chem. Corp., 382 F.2d 192, 197 (6th Cir. 1967) (holding implied agreement existed where employees were informed of and acquiesced to working schedules exempting sleep time and accepted pay checks based on those schedules). None of appellants' allegations regarding the administration of Tobosa's sleep time policy or their subsequent complaints create genuine issues of material fact regarding their understanding at the time they were hired. Therefore, appellants' discussion of New Mexico law in the presence of disputed facts is inapposite. See Rivera v. Sagebrush Sales, Inc., 884 P.2d 832, 835 (N.M. Ct. App. 1994) (holding that undisputed fact was sufficient to support implied contract for hire, as a matter of law).

Brown does not require a different result. The facts of that case differ significantly in that the subject of overtime pay for sleep time periods was

actually discussed in negotiations for a union contract between the parties.  There, the parties' inability to reach an agreement on this point conflicted with the employer's position that an implied contract existed.  Thus, a genuine issue of material fact precluded summary judgment on the contract issue.      See 1994 WL 721389, at **3. [5]  Similarly, we are not persuaded otherwise by the Eighth Circuit's opinion in    Hultgren .  There, employees were not given separate sleeping facilities and nightly interruptions were so numerous that the employees could not get even several hours of sleep.     See 913 F.2d at 500.  The employer's sleep time policy prohibited reporting interruptions lasting less than ten minutes and provided that the entire sleep time period would not be paid for unless interruptions totaled three hours or more.     See id. at 503.  Further, although we recognize the   Hultgren  court's ruling that there was no agreement to deduct sleep time because the sleep time policy was unilaterally created by the employer and contracts were presented to the employees on a take-it or leave-it basis, we disagree with appellant's apparent argument that an employer cannot enforce such an existing policy.  This case does not involve a change in Tobosa's sleep time policy imposed upon appellants after they began their employment with Tobosa.

---

[5]     Further,  Brown is an unpublished order and judgment and, under the rules of this court, not binding precedent.    See 10th Cir. R. 36.3(A).

The Eighth Circuit itself disagreed with this argument in a later case, see

Bouchard v. Regional Governing Bd. , 939 F.2d 1323, 1330-31 (8th Cir. 1991).

Finally, appellants argue that 29 C.F.R. § 785.23, addressing the deduction of sleep time from hours worked where employees reside on an employer's premises, should not apply because they did not reside permanently in the houses where they worked as residential assistants. The district court held that this regulation applied to those appellants who worked shifts less than twenty-four hours, noting appellants' separate bedroom and bathroom facilities, and concluding that the regulation does not require a continuous stay on site. See Appellant's App., Vol. III, at 577, 598, 607. [6] On appeal, appellants simply contend that disputed issues of fact exist which preclude the district court's holding. We agree with the district court that, under the facts of this case, § 785.23 applied to appellants who brought claims for work shifts less than twenty-four hours. The regulation does not require permanent residence, only that an employee reside on the premises "for extended periods of time." 29 C.F.R. § 785.23.

---

[6] Plaintiffs Kiedaisch and Quinones did not present claims regarding work shifts less than twenty-four hours in length. Therefore analysis of this regulation does not appear in the district court's opinions addressing their claims.

The judgments of the United States District Court for the District of New Mexico granting summary judgment to defendant Tobosa on all of appellants' claims under the FLSA are AFFIRMED.