**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JERRY D. ORMSBY,

     Plaintiff-Appellant,

v.

C.O.F. TRAINING SERVICES, INC.,

     Defendant-Appellee.

No. 02-3139
(D.C. No. 01-CV-4029-DES)
(D. Kansas)
194 F. Supp. 2d 1177

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jerry D. Ormsby appeals from the district court's grant of summary judgment to defendant, his former employer, on claims for allegedly unpaid overtime hours, pursuant to the Fair Labor Standards Act (FLSA) and the Portal-to-Portal Pay Act. Before we discuss the merits of plaintiff's claims, however, we must address defendant's claim to Eleventh Amendment immunity.

Before the district court, defendant asserted immunity as an arm of the state. The district court denied defendant immunity after analyzing defendant's arguments in light of the inquiry set out in *Sturdevant v. Paulsen*, 218 F.3d 1160 (10th Cir. 2000). Although defendant ultimately prevailed on the merits of plaintiff's claims, on appeal it reurges the Eleventh Amendment immunity claim. We review these arguments de novo, *see id*. at 1164, and conclude that the district court correctly rejected them. The district court expressed its primary reliance on the first factor of the *Sturdevant* inquiry, *i.e.*, whether the state would be liable for a money judgment against defendant. *See Duke v. Grady Mun. Schs.*, 127 F.3d 972, 980 (10th Cir. 1997) (stating that legal liability for a judgment is the most important factor). Defendant admits that the state would not be liable directly, but argues that, because a vast majority of its funding comes from the state, a money judgment against defendant could potentially impact the state treasury. The focus of this inquiry, however, is the legal liability for a judgment,

not an indirect impact on the state treasury. *See id.* at 981. Therefore this factor weighs against immunity.

The district court also considered the second factor–autonomy and financial independence–using the four-part test as set out in *Sturdevant,* 218 F.3d at 1166. After considering defendant's arguments on appeal, we agree with the district court that only one of the four parts supports defendant's claim to immunity–its state funding. Therefore, this factor does not weigh in defendant's favor. We conclude the district court properly denied defendant's claim to Eleventh Amendment immunity.

Proceeding to the merits, we also examine the district court's grant of summary judgment to defendant de novo. *See Tool Box v. Ogden City Corp*., 316 F.3d 1167, 1173 (10th Cir. 2003). The district court granted summary judgment to defendant based on its conclusion that plaintiff had agreed to a working schedule which included unpaid "sleep time" hours–hours he had to remain on the premises but was not required to perform routine duties. *See Braziel v. Tobosa Dev. Servs*., 166 F.3d 1061, 1063 (10th Cir. 1999) (applying New Mexico law to conclude that sleep time constitutes hours worked, absent an express or implied agreement to the contrary). Plaintiff argues that defendant's employee handbook precluded the formation of implied contracts, a proposition that the district court correctly rejected as a matter of law. We agree with the

district court that plaintiff has come forward with no legal authority to support this proposition or its argument on appeal that Kansas law "requires a factual inquiry more searching than that of New Mexico." Aplt. Br. at 8. Plaintiff also argues that there was a triable issue as to whether defendant intended to bar all implied contracts. We disagree. Despite plaintiff's assertion that it was undisputed that "[d]efendant imposed a complete ban on implied agreements with its employees through a comprehensive employee handbook," Aplt. Br. at 4-5, nothing in the language of the handbook on which plaintiff relied in its arguments before the district court supports a reasonable inference that defendant intended to bar all implied contracts. Because there was no triable issue of fact underlying the district court's conclusion that plaintiff had impliedly agreed to the work schedule, including the unpaid sleep time hours, the district court did not err in declining to submit the question to a jury. *Cf. Dupree v. United Parcel Serv., Inc.*, 956 F.2d 219, 222 (10th Cir. 1992) (submission to a jury not required when evidence did not support existence of an implied contract) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

We need not address the balance of plaintiff's arguments because they challenge an alternate argument made by defendant in the event the district court

had concluded that  defendant  violated the FLSA.  The judgment of the United

States District Court for the District of Kansas is AFFIRMED.

                                    Entered for the Court


                                    Bobby R. Baldock
                                    Circuit Judge