**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BETTY HENDRICKS, individually
and standing in the stead of other
persons similarly situated; KAREN
KIDD, individually and standing in the
stead of other persons similarly
situated; KATHERINE
SUMMERLIN-PHILLIPS, individually
and standing in the stead of other
persons similarly situated;
AMANDA DREADFULWATER,
individually and standing in the stead
of other persons similarly situated;
LAURA BRODERICK, individually
and standing in the stead of other
persons similarly situated;
CHARLENE JACKSON, individually
and standing in the stead of other
persons similarly situated,

     Plaintiffs-Appellants,

v.

OKLAHOMA PRODUCTION
CENTER GROUP HOMES,
INCORPORATED; EFFIE FOSTER,

     Defendants-Appellees.

No. 05-7021
(D.C. No. CIV-03-521-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **KELLY, McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's grant of summary judgment in favor of defendants on their claims for unpaid wages, including "sleep time" compensation, and liquidated damages sought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA) and the Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262 (PPPA). We take jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the district court's summary-judgment order. *Braziel v. Tobosa Dev. Servs.*, 166 F.3d 1061, 1062 (10th Cir. 1999). "Where there are no genuine issues of material fact in dispute, we examine the appropriate legal standards to determine whether the moving party is entitled to summary judgment as a matter of law." *Id.* Plaintiffs argue that summary judgment was precluded

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

by the existence of disputed material facts. Our review of the record reveals, however, that the operative facts are undisputed.

Defendants are a nonprofit corporation and its director who provided services to developmentally disabled individuals, including residential placement in group homes. Plaintiffs were employed by defendants to work in the homes as home managers, working shifts covering several days at a time. While on duty, plaintiffs were required to sleep in group homes, but they had time off each day during which they could leave the group homes and spend the time as they wished. If a plaintiff's sleep was interrupted by a call to duty, she was paid for that time, and if her duties prevented her from getting at least five hours' sleep on a given night, she was paid for the entire eight-hour sleep period. Each of the group homes had a furnished private bedroom and bathroom for the home manager on duty.

At the time each plaintiff was hired, she understood and agreed that she would not be paid for up to eight hours per night while working as a group home manager. Each signed a Wage/Training Agreement in which she agreed that residential staff would not be compensated for sleep time up to eight hours a night. Moreover, at the time of hire, each understood that defendants' policy and practice was that sleep time was not compensated. Several plaintiffs later

complained about this policy, but none filed a grievance or other written complaint with the management.

"Regulations promulgated pursuant to the FLSA provide that, absent an express or implied agreement to the contrary, sleep time . . . constitute[s] hours worked." *Braziel*, 166 F.3d at 1063. Under the regulations, if an employee is on duty for twenty-four hours or more, "the employer and the employee may agree to exclude . . . a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep," and interruptions to sleep are paid. 29 C.F.R. § 785.22. Also, an employee who resides on her employer's premises permanently or "for extended periods of time" is not considered to be working all the time she is on the premises, and "any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted." *Id.* § 785.23.

Plaintiffs maintain that their work and sleep schedules, as well as their sleeping accommodations at the group homes, did not meet the requirements of the regulations permitting the exclusion of sleep time. They also argue that the written Wage/Training Agreement exempting sleep time is not enforceable.

Plaintiffs appear to claim further that their work situation was controlled by an "enforcement policy" promulgated by the Department of Labor. *See* Hours

Worked in Residential Care (Group Home) Establishments – Sleep Time and Related Issues – Enforcement Policy, 1998 WL 614199, Dep't of Labor, Wage and Hour Div. (June 30, 1988) (1988 Policy). But they did not present this argument to the district court, arguing instead that the regulations, 29 C.F.R. §§ 785.21 through 785.23, should not apply to them. An appellate court generally "does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Included among the issues not passed upon below is the "situation where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented [to the trial court]." *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993). Even if plaintiffs' appellate argument could be considered related to their trial theory, "we have consistently turned down the argument that *the raising of a related theory* was sufficient." *Tele-Communications, Inc. v. CIR*, 104 F.3d 1229, 1233 (10th Cir. 1997) (quotation omitted). Accordingly, we do not address plaintiffs' claims based on the 1988 Policy.

Turning to the issues properly before us, we conclude that the facts, issues, and holding in the *Braziel* case are sufficiently similar to be dispositive of this appeal. There, as here, "[w]hether analyzed under § 785.22 as to work shifts greater than twenty-four hours or under § 785.23 as to overnight work shifts less than twenty-four hours, the key issue in this case is whether an agreement existed

between [plaintiffs and defendants] to exempt scheduled sleep periods from hours worked." *Braziel*, 166 F.3d at 1063. Although plaintiffs challenge defendants' reliance on the written Wage/Training Agreement in this respect, we need not decide whether the Agreement alone is binding because we conclude that there was an implied agreement to exempt sleep time, and the Agreement is evidence of the parties' understanding. *See Braziel*, 166 F.3d at 1063 (recognizing that the requisite agreement can be implied). The record demonstrates that the plaintiffs "understood and acquiesced to the policy when they were hired."[1] *Id.* The record further shows that the agreement was made prior to the start of each plaintiffs' employment, plaintiffs were provided adequate sleeping facilities, and plaintiffs were paid for interruptions to their sleep. In addition, if their duties prevented them from getting at least five hours' sleep, plaintiffs were paid for the entire period, as required by the applicable regulations. Therefore, we affirm the district court's ruling that the agreement was enforceable.

Because we affirm the district court's conclusion that the defendants did not withhold wages in violation of the FLSA or the PPPA, we need not address their claim that defendants recklessly disregarded their obligation to pay them for

---

[1] We recognize that plaintiff Jackson stated that she was left with the impression that the group home she expected to be assigned to did pay for sleep time, which was an exception to the general policy. Aplt. App. Vol. III, Tab 27. Nevertheless, she understood the general policy and acquiesced to it.

-6-

sleep time or their argument that defendants were not entitled to a good-faith defense.

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge