[No. 24845-3-III.   Division Three.   May 17, 2007.]

ROBERT SCHRYVERS ET AL., *Appellants*, v. COULEE COMMUNITY HOSPITAL, *Respondent*.

650

*John L. McKean*, for appellants.

*Susan W. Troppmann* (of *Etter, McMahon, Lamberson, Clary, Troppmann & Oreskovich, PC*), for respondent.

¶1 KULIK, J. — Robert and Myrna Schryvers filed suit against Coulee Community Hospital, seeking payment for unpaid overtime and on-call work. The trial court found in favor of the hospital and dismissed the Schryverses' claims with prejudice. On appeal, the Schryverses argue that the trial court misinterpreted the federal Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219. We agree with the trial court that FLSA's resident employee provisions apply and that the employment agreement was reasonable. And we conclude that the administrative employee exemption also excludes the Schryverses from FLSA's overtime provisions. Therefore, we affirm.

## FACTS

¶2 In 1998, Myrna and Robert Schryvers began working for St. Rita's Care Home, an adult family home owned by Coulee Community Hospital (Hospital). The Schryverses agreed to terms of employment specified in a written employment agreement. The Schryverses agreed that one of them would remain on the premises at all times during their working days. The Schryverses requested, and received, shifts of 10 days on the job followed by 4 days off.

¶3 The Hospital provided the Schryverses with living quarters on site. The residence consisted of two private rooms and a bathroom. The adult family home had a living room, kitchen, and dining room that the Schryverses shared with the residents. The Hospital and the Schryverses never discussed the value of the living quarters and meals provided to the Schryverses.

¶4 At the adult family home, the Schryverses' duties included record keeping, planning and preparing all meals

for the residents, ensuring that the residents were taking their medications, cleaning, laundry, and assisting the residents to and from medical appointments. Ms. Schryvers also assisted some residents with bathing and personal grooming.

¶5 The Schryverses testified that they were frequently awakened during the night by residents. Ms. Schryvers, in particular, would awaken to assist one of the elderly patients to the bathroom. Other residents would get lost or disoriented in the hallways at night and need assistance back to their rooms. Ms. Schryvers estimated that she awakened between 5 and 12 times during the night to assist residents. She testified that it was rare for her to have five hours of uninterrupted sleep during the night.

¶6 Together, the Schryverses were to be paid an annual salary of $35,000. The job description given to the Schryverses, prior to employment, described their positions as being "Salaried—Exempt." Report of Proceedings (RP) at 48. Nothing in the employment agreement discussed any specific requirements for work hours or on-call hours. The Schryverses were never required for payroll purposes to account for the hours they worked. Other employees at the adult family home were required to keep track of hours and were paid based on those hours.

¶7 While living at the adult family home, the Schryverses could, and did, receive visits from family. On a number of occasions, their grandchildren stayed overnight and spent several weeks with the Schryverses at the adult family home. Mr. Schryvers also left the home for personal reasons several times during the week, including golfing, bowling, or fishing. During their working hours, the Schryverses could take periodic breaks.

¶8 The Schryverses filed suit under FLSA and the Washington Minimum Wage Act,[1] seeking payment for unpaid overtime and on-call work.

---

[1] Ch. 49.46 RCW.

¶9 The trial court found in favor of the Hospital. On appeal, the Schryverses assign error to the trial court's findings that the Hospital was exempt from the requirements of FLSA. The Schryverses do not challenge the trial court's conclusions under the Washington Minimum Wage Act.

ANALYSIS

*Application of FLSA*

(a) *Overtime*

¶10 This court reviews issues of statutory interpretation de novo. *Berrocal v. Fernandez*, 155 Wn.2d 585, 590, 121 P.3d 82 (2005). The nature of an employee's job duties is a question of fact, and the trial court's findings are subject to the clearly erroneous standard of review. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 712-14, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986). A finding of fact is clearly erroneous when, although there is some evidence to support it, review of all of the evidence leads to a "definite and firm conviction that a mistake has been committed." *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000). The ultimate issue of whether an employee's activities on the job exclude them from coverage provided by FLSA is a question of law that this court reviews de novo. *Icicle Seafoods*, 475 U.S. at 714.

¶11 Under FLSA, most employers are required to pay their employees time and one-half for work exceeding 40 hours per week. 29 U.S.C. § 207(a)(1). FLSA is to be liberally construed in its application, and any claim that an employee is exempt from the overtime requirement is narrowly construed against the employer. *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124-25 (9th Cir. 2002). However, FLSA recognizes special considerations for employees who reside on the employer's premises, and FLSA exempts certain administrative employees from the overtime provisions. If the employment contract is reasonable, an employee who resides on the employer's premises is exempt

from overtime requirements. 29 C.F.R. § 785.23; 29 U.S.C. § 213(a)(1).

(b) *Resident Employees*

¶12 The Schryverses contend the court incorrectly applied the resident employee exemptions. They assert they were not provided with a home-like environment sufficiently separate from the adult family home. They also assert that the trial court should have applied 29 C.F.R. § 785.22, which applies to employees who are on duty for 24 hours or more but who do not reside at the employer's facility.

¶13 FLSA has special provisions regarding employees who reside on the employer's premises:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.

29 C.F.R. § 785.23.

¶14 The trial court correctly found that the Schryverses were residents at the adult family home and, therefore, properly subject to the provisions of 29 C.F.R. § 785.23. This provision of FLSA does not mandate that the employer's facility is the employee's only and permanent residence. Instead, this provision requires that an employee reside on the employer's premises for an extended period of time. *Braziel v. Tobosa Developmental Servs.*, 166 F.3d 1061, 1064 (10th Cir. 1999). Other relevant factors include whether the employee was provided with separate bedroom and bathroom facilities, whether the employee may use personal property to furnish the room, whether the em-

ployee stayed at the facility for several days consecutively, and whether the employee could receive visitors. *Id.* at 1062-64; *Beaston v. Scotland Sch. for Veterans' Children,* 693 F. Supp. 234, 238 (M.D. Pa. 1988).

¶15 Here, the Schryverses had two private rooms and a bathroom at the home. They stayed at the facility for 10 consecutive days every 2 weeks as part of their employment agreement. They were not required to leave the home on their days off but were free to do so. The Schryverses also entertained family members, sometimes for extended periods of time, while at the home. Taken together, this evidence is sufficient to support the trial court's determination that the Schryverses fell under the resident employee provisions of 29 C.F.R. § 785.23.

(c) *Employment Agreement*

■ ■ ¶16 As noted previously, an employee who resides on the employer's premises is exempt from overtime requirements if the employment contract is "any reasonable agreement of the parties which takes into consideration all of the pertinent facts." 29 C.F.R. § 785.23. This provision also creates a presumption that employees are not working for the entire time that they are on the premises. *Garofolo v. Donald B. Heslop Assocs., Inc.,* 405 F.3d 194, 200 (4th Cir. 2005). Pertinent facts considered by the trial court included on-call time, idle time, undisturbed sleep time, periods of complete freedom from job duties, compensation, and personal living quarters.

¶17 In the absence of an express agreement, the court looks to the nature of the employee's duties and the relation of those duties to the time spent idle or sleeping. *Gen. Elec. Co. v. Porter,* 208 F.2d 805, 814 (9th Cir. 1953).

¶18 Sleeping or idle time may not be compensable as work time if the employee voluntarily enters into an employment contract that provides that the employer will not pay for on-call time at the employer's premises. *Braziel,* 166 F.3d at 1063. The employer bears the burden of proving the reasonableness of the employment agreement. *Garofolo,* 405 F.3d at 200. Here, there was no specific language in the

written employment contract about on-call time. As a result, the trial court looked to the nature of the Schryverses' duties.

▉ ¶19 While several factors are considered to determine if sleep or idle time is compensable, none of these factors alone is dispositive: (1) whether there was an on-premises living requirement, (2) whether there were stringent geographical restrictions on the employee's movement, (3) whether the frequency of calls greatly restricted the employee's freedom, (4) whether there was a fixed time limit during which the employee was required to respond to calls, (5) whether the employee could trade off or delegate responsibilities, (6) whether a pager or other device could reduce restrictions, and (7) whether the employee had actually engaged in personal activities during the time that he or she was on call. *Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 936 (9th Cir. 2004) (quoting *Owens v. Local No. 169 Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 351 (9th Cir. 1992)).

¶20 Moreover, even if there is an agreement to exclude sleep time, some courts have determined the entire period of sleep time is compensable if the employee cannot get at least five hours of sleep during the scheduled period. *See Hultgren v. County of Lancaster*, 913 F.2d 498, 501 (8th Cir. 1990).

▉ ¶21 Ms. Schryvers claimed that her job duties prevented her from receiving five hours of sleep on any night she resided at the group home. But subsequent administrators and other employees of the adult family home testified that they slept without interruption most evenings. It is apparent from the record that the trial court did not find Ms. Schryvers' assertions credible. And this court must defer to the trial court on issues of credibility. *See, e.g., State v. Kilburn*, 151 Wn.2d 36, 52, 84 P.3d 1215 (2004).

¶22 Mr. Schryvers admitted at trial that he understood their status as "Salary—Exempt" employees to mean that they would not be entitled to overtime. RP at 268. While one

of the Schryverses was required to be on site at all times during their shifts, the Schryverses could also enjoy periods of complete freedom. The Schryverses were not expected to get up and assist with nonmedical emergencies during the night. And Mr. Schryvers frequently left the home to engage in personal activities. There is nothing to indicate that, had she chosen to do the same, Ms. Schryvers could not have also used her free time away from the group home.

¶23 The selection of residents in the adult family home was based on their ability to independently perform personal tasks. The requirement that residents would be able to perform these tasks without assistance is a strong indication that Ms. Schryvers was not expected to wake up during the night and assist the residents, despite her assertions to the contrary.

■ ¶24 Given the increased rate of compensation paid to the Schryverses, the flexibility in allowing the Schryverses to have visitors, the provision of housing and meals, and the periods of complete freedom that the Schryverses enjoyed while at the adult family home, the trial court did not err in finding the employment agreement to be reasonable under FLSA.

(d) *Administrative Employee Exemption*

■ ¶25 The Schryverses contend their primary duty was providing care to the residents, not administration or managerial functions. They assert that they did not make independent judgments but merely followed procedures dictated by the Hospital. Under FLSA, certain executive or administrative employees are exempt from the minimum wage requirements and maximum hour requirements. 29 U.S.C. § 213(a)(1). FLSA suggests a three-part test to determine whether an employee falls within the administrative employee exemption. First, the employee must be paid at least $250 per week as a salary basis, exclusive of lodging or other facilities. Former 29 C.F.R. § 541.2 (1975).[2]

---

[2] In 2004, this amount was increased to $455 per week. *See* 29 C.F.R. § 541.200.

Second, the employee's primary duty must be the performance of nonmanual work related directly to management or business operations on behalf of the employer. 29 C.F.R. § 541.200(a)(2). Finally, the primary duty of the employee must involve the exercise of discretion and independent judgment on matters of significance. 29 C.F.R. § 541.200-(a)(3). Some courts employ an additional test based on whether the employee was paid on a salary basis. *See, e.g.,* *Klem v. County of Santa Clara,* 208 F.3d 1085, 1089-90 (9th Cir. 2000). It is undisputed in this case that the Schryverses were paid on a salary basis.

¶26 Ms. Schryvers was a department head and attended meetings at the Hospital as department head. However, job title alone is insufficient to establish whether an employee meets the administrative exemption. Administrative status must be determined by salary and the employee's duties. Former 29 C.F.R. § 541.2.

¶27 "Primary duty" means the principal, major, or most important duty that the employee performs. 29 C.F.R. § 541.700. Whether administrative tasks were the employee's primary duty depends on several factors. The percentage of time the employee spends on administrative duties is important, but not dispositive, to the determination of whether the employee falls under the administrative exemption. *Baldwin v. Trailer Inns, Inc.,* 266 F.3d 1104, 1114 (9th Cir. 2001). Other factors include the relative importance of the administrative duties compared to other job functions, the frequency of opportunities to exercise discretionary power, the degree of freedom from employer supervision, and whether the employee's wages were significantly higher than those of other employees. *Id.* at 1114-16.

¶28 The Schryverses argued that they had very little, if any, discretion in fulfilling their job duties. Most of the care decisions were made by a nurse who worked for the Hospital at another location. They did not handle any grievances or complaints on behalf of the Hospital. The Schryverses obtained equipment and materials directly from the Hospital but could not order equipment from an outside vendor.

¶29 However, the Schryverses were the sole managers of day-to-day operations at the adult family home. The Schryverses were responsible for paying the bills at the adult family home, ordering necessary supplies from the Hospital, screening potential residents, and taking care of the residents' needs. The Schryverses reported directly to the Hospital's district administrator and were given almost total responsibility to oversee day-to-day operations at the adult family home.

¶30 An employee testified that she considered the Schryverses to be her supervisors at the adult family home. Ms. Schryvers left the employee a written list of instructions for the tasks that Ms. Schryvers wanted accomplished. She also gave the employee an official performance evaluation.

¶31 The adult family home was a department of the Hospital, and the Schryverses managed the facility on the Hospital's behalf. Ms. Schryvers' title was a department head, and the Hospital administrator was her sole supervisor. This administrator exercised very little control over the Schryverses' management of the adult family home.

¶32 The Schryverses exercised significant freedom and discretion in managing the daily affairs of the home. The Schryverses' primary duty was to manage the adult family home on behalf of the Hospital. In carrying out that duty, the Schryverses exercised discretion and independent judgment on matters of significance, especially given the lack of oversight by the Hospital's administrator. The administrative employee exemption of 29 U.S.C. § 213(a)(1) applies to exempt the Schryverses from the overtime provisions of FLSA.

¶33 The trial court did not err in finding that the employment agreement was reasonable and, therefore, exempted the Schryverses from coverage under FLSA. The

administrative employee exemption also excludes the Schryverses from FLSA's overtime provisions. We affirm.

SCHULTHEIS, A.C.J., and KATO, J. PRO TEM., concur.