IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30629-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUAN C. JUAREZ, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, **J.** – Juan C. Juarez appeals his conviction for the crime of possession of an unlawful firearm. Mr. Cruz contends that the State failed to prove all of the elements included in the to convict jury instructions. He also contends that the trial court ordered him to begin payment of his legal financial obligations (LFOs) without considering whether he has the current or future ability to pay. Mr. Juarez's contentions are not persuasive. We affirm.

FACTS

On November 25, 2011, Mr. Juarez was found with a short-barreled shotgun and charged with possession of an unlawful firearm. At trial, the State called two witnesses to testify. The first witness, former Sergeant Nels Larson, testified that he was on duty with

the Othello Police Department when he responded to a call for assistance at 2568 West Bench Road. He was told that an uninvited person was at the residence with a shotgun, but had since left in a vehicle. Sergeant Larson found the person in a clearing near Bench Road, parked next to a mobile home. The person was sitting in the vehicle, holding a shotgun in his lap. Sergeant Larson noticed that the barrel and the stock of the shotgun were short. The man identified himself as Mr. Juarez.

The second witness called by the State was Deputy Craig Frank. Deputy Frank testified that on the date of the incident, he was on duty with the Adams County Sheriffs Office, working in the Othello district. He responded to the call at 2568 West Bench Road. The person making the complaint reported that the man with a shotgun had left the residence in a vehicle. Deputy Frank called dispatch with the vehicle license plate number. Dispatch told Deputy Frank that the registered owner lived on O'Brian Road in Othello. With that information, Deputy Frank was able to locate the vehicle and the driver. He arrived within 10 to 15 minutes after he first left to investigate the complaint. The vehicle was found down an alley off Bench Road next to a trailer. Deputy Frank saw a person slouched in the driver's seat, with a shotgun on his lap. After measuring the shotgun, Deputy Frank determined that it was 16 1/2 inches and under the length allowed

by state statute. Deputy Frank identified Mr. Juarez as the person he contacted the night

of the incident.

The jury was instructed that to convict Mr. Juarez of possession of an unlawful

firearm, each of the following elements of the crime must be proved beyond a reasonable

doubt:

> (1) That on or about November 25, 2011, the defendant knowingly had a short-barreled shotgun in his possession or control;
> (2) The defendant knew of the characteristics making it a short-barreled shotgun; and
> (3) That this act occurred in the State of Washington, County of Adams.

Clerk's Papers (CP) at 44.

The jury found Mr. Juarez guilty. Mr. Juarez was sentenced to three months of

confinement.

The court imposed a total amount of $900 of LFOs, which included $500 for a

victim assessment, $300 for court costs, and $100 for a DNA[1] collection fee. The trial

court waived a total of $850 in other LFOs.

---

[1] Deoxyribonucleic acid.

Section 2.5 of Mr. Juarez's judgment and sentence stated, "The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." CP at 51. The trial court did not indicate on the judgment and sentence that it found that Mr. Juarez had the ability or future ability to pay the LFOs.

Section 4.3 of the judgment and sentence ordered that "[a]ll payments shall be made in accordance with the policies of the clerk of the court and on a schedule established by the [Department of Corrections] or the clerk of the court, commencing immediately, unless the court specifically sets forth the rate here." CP at 54. The court set forth the rate to be "Not less than $50 per month commencing 1 June 2012." CP at 54.

Mr. Juarez appeals. He contends that the State failed to prove each element of his crime as stated in the jury instructions, specifically the element that the act occurred in the State of Washington, Adams County. He also contends that the trial court made an implied finding that he had the current or future ability to pay his LFOs when it ordered him to pay $50 per month, and that this finding is not supported by the record.

4

No. 30629-1-III
*State v. Juarez*


ANALYSIS

*County Where Crime Occurred.* Due process requires the State to prove every element of a crime charged beyond a reasonable doubt. *State v. Baeza,* 100 Wn.2d 487, 488, 670 P.2d 646 (1983). Thus, a challenge to the sufficiency of the evidence is a question of constitutional magnitude. *!d.* Evidence is sufficient to prove each element it: after "viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt." State v. Green,* 94 Wn.2d 216,221,616 P.2d 628 (1980) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. *State v. Salinas,* 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Circumstantial evidence and direct evidence are equally reliable. *State v. Goodman,* 150 Wn.2d 774, 781, 83 P.3d 410 (2004). An appellate court 'must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." *State v. Thomas,* 150 Wn.2d 821,874-75,83 P.3d 970 (2004).

In a criminal case, if the State adds an unnecessary element in the to convict jury instruction without objection, the added element becomes the law of the case and the

5

State assumes the burden of proving it. *State v. Hickman,* 135 Wn.2d 97, 102,954 P.2d 900 (1998). A criminal defendant may challenge the sufficiency of the evidence to support an added element. *!d.*

Under RCW 9.41.190(1), it is unlawful for any person to own a short-barreled shotgun. Venue is not an element of the offense of possession of an unlawful firearm. *See* RCW 9.41.190. However, in Mr. Juarez's case, the to convict jury instructions added the element that the act took place in Adams County, Washington. Therefore, the State assumed the burden of proving this added element.

The evidence is sufficient to prove this element. Reasonable inferences can be drawn from the officers' testimony that the act took place in Adams County. First, the officers testified that they were employed with either the Othello Police Department or the Adams County Sheriffs Office when they responded to the call. One officer also testified that he arrived in Mr. Juarez's area within 10 to 15 minutes after the call. A reasonable juror could infer that the officers responded to a call within their jurisdiction, especially given the fact that it only took the officer 10 to 15 minutes to reach Mr. Juarez's location.

Second, dispatch told Deputy Frank that the registered owner of the vehicle lived in Othello, and Deputy Frank testified that he used this information to locate the vehicle

and the driver. Again, a reasonable inference can be made that Mr. Juarez was found at the address in Othello. Also, considering the trial took place in Adams County, it is reasonable to infer that jurors understood Othello to be located in Adams County, in the State of Washington. Thus, in viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the act took place in Adams County, Washington. Mr. Juarez's challenge to the sufficiency of the evidence fails.

The State presented sufficient evidence to prove that Mr. Juarez committed the act of possessing an unlawful firearm in Adams County, Washington.

*Finding o{Ability to Pay LFOs.* We review a trial court's determination on an offender's financial resources and ability to pay under the clearly erroneous standard. *State v. Baldwin,* 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). "A finding of fact is clearly erroneous when, although there is some evidence to support it, review of all of the evidence leads to a 'definite and firm conviction that a mistake has been committed.'" *Schryvers v. Coulee Cmty. Hosp.,* 138 Wn. App. 648, 654, 158 P.3d 113 (2007) (quoting *Wenatchee Sportsmen Ass'n v. Chelan County,* 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

Under RCW 10.01.160, a court "may [order] a [criminal] defendant to pay costs ... incurred by the [S]tate in prosecuting the defendant." RCW 10.01.160(1), (2). In

determining the amount and the method of payment of costs, the court shall take into account the financial resources of the defendant and the nature of the burden that the payment of costs will impose. RCW 10.01.160(3). "Inquiry into the defendant's ability to pay is appropriate only when the State enforces collection under the judgment or imposes sanctions for nonpayment; a defendant's indigent status at the time of sentencing does not bar an award of costs." *State v. Crook,* 146 Wn. App. 24, 27, 189 P.3d 811 (2008).

Here, the judgment and sentence ordered Mr. Juarez to pay $50 per month toward his LFOs, with the first payment due in over three months. In ordering payment, the trial court considered Mr. Juarez's ability to pay. The record shows that at the sentencing hearing, Mr. Juarez's attorney informed the court that Mr. Juarez was found to be indigent, that Mr. Juarez did not have means in Mexico besides subsistence living, that Mr. Juarez came from an agricultural background, and that Mr. Juarez's mother was sick. In response, the court waived the attorney fees and the fine, and imposed the remaining $900 in fees for the victim assessment, court costs, and DNA collection fee. Thus, the record shows that the trial court took into account the financial resources of Mr. Juarez and the nature of the burden to pay when it waived part of the LFOs and ordered a low monthly payment. The trial court did not err by ordering Mr. Juarez to pay his LFOs.

8

No. 30629-1-III
*State v. Juarez*


The trial court considered Mr. Juarez's ability to pay when it ordered him to begin making monthly payments toward his LFOs.

We affirm the conviction and the LFOs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kulik, J.

WE CONCUR:

Korsmo, C.J.                    Siddoway, J.