IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30984-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSHUA ALLEN RUTHERFORD, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Joshua Rutherford entered a guilty plea to one count of third degree child rape and one count of third degree rape. Mr. Rutherford appeals, arguing that his guilty plea is invalid because the trial court failed to inform him of the specific constitutional rights he forfeited as a part of his plea. We disagree and affirm. We also affirm the trial court's assessment of Mr. Rutherford's legal financial obligations (LFOs).

FACTS

Mr. Rutherford pleaded guilty to one count of third degree rape of a child and one count of third degree rape. Paragraph number five of the guilty plea listed six constitutional rights that Mr. Rutherford agreed to forfeit by pleading guilty. Mr.

Rutherford signed a plea statement, certifying that his attorney explained all of the provisions of the agreement and that Mr. Rutherford understood them all.

At the plea hearing, the court confirmed with Mr. Rutherford that he read and reviewed the plea statement with his attorney before signing it. Mr. Rutherford told the court that he had no questions about the plea statement. Then, the court engaged Mr. Rutherford in a question and answer session regarding the two charges to which he was pleading guilty, including the maximum penalty, apparent offender score, standard range and term of community custody for each count, and other consequences of the plea.

Regarding constitutional rights, the court stated, "Paragraph 5 on page 3 indicates that you have certain constitutional rights. When you plead guilty, you give up those rights. Do you understand that?" Report of Proceedings (RP) at 4. Mr. Rutherford answered "yes." RP at 4. Mr. Rutherford also confirmed he understood that the State was not required to prove the elements of his crime beyond a reasonable doubt. After further questioning about other aspects of the plea, the court determined that Mr. Rutherford's plea was made knowingly, intelligently, and voluntarily.

The court accepted the plea and found Mr. Rutherford guilty of third degree child rape and third degree rape. The court imposed concurrent sentences for the two offenses, for a total term of confinement of 34 months.

The court also ordered Mr. Rutherford to pay over $1,700 in LFOs, payable at $50 per month commencing 90 days after release from custody or when funds become available in the Department of Corrections. The court made no oral inquiry or statement on Mr. Rutherford's ability to pay. However, section 2.5 of the judgment and sentence generically stated that the court considered the defendant's past, present, and future ability to pay and found that the defendant had the ability or likely future ability to pay the LFOs as ordered by the court.

Mr. Rutherford appeals. He contends that his guilty plea is invalid because the court's finding that he had the future ability to pay his LFOs is not supported by the record.

## ANALYSIS

*Guilty Plea.* A valid guilty plea requires that a defendant intelligently and voluntarily enter into the plea with knowledge that certain constitutional rights will be waived. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). "Whether a plea is knowingly, intelligently, and voluntarily made is determined from a totality of the circumstances." *Id.*

By entering a plea of guilty, a defendant necessarily waives important constitutional rights, including the right to a jury trial, to confront one's accusers, and the

3

privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "[T]here is no constitutional requirement that there be express articulation and waiver of the three rights referred to in *Boykin* by the defendant at the time of acceptance of his guilty plea if it appears from the record . . . that the accused's plea was intelligently and voluntarily made, with knowledge of its consequences." *Wood v. Morris*, 87 Wn.2d 501, 508, 554 P.2d 1032 (1976).

In *Branch*, the court held that under the totality of the circumstances, Mr. Branch's plea and waiver of rights was intelligently and voluntarily made, with full knowledge of its consequences, when Mr. Branch stated that he knew he was giving up the specific rights listed on the plea statement, and the trial judge generally asked if Mr. Branch had any questions regarding these rights. *Branch*, 129 Wn.2d at 643-44.

Here, as in *Branch*, Mr. Rutherford had full understanding of the constitutional rights he forfeited as a result of his guilty plea. The specific constitutional rights that Mr. Rutherford forfeited were listed in the plea statement signed by Mr. Rutherford. At the plea hearing, the trial court asked Mr. Rutherford if he understood that he was waiving these constitutional rights listed in the plea statement. Mr. Rutherford confirmed that he understood. The court was not required to restate the constitutional rights being waived to confirm Mr. Rutherford's understanding of the plea.

4

Under the totality of the circumstances, Mr. Rutherford's plea was knowing, voluntary, intelligent, and with the understanding of the constitutional rights being waived.

*LFO.* We review a trial court's determination on an offender's financial resources and ability to pay under the clearly erroneous standard. *State v. Bertrand*, 165 Wn. App. 393, 404 n.13, 267 P.3d 511 (2011) (quoting *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)), *review denied*, 175 Wn.2d 1014 (2012). "A finding of fact is clearly erroneous when, although there is some evidence to support it, review of all of the evidence leads to a 'definite and firm conviction that a mistake has been committed.'" *Schryvers v. Coulee Cmty. Hosp.*, 138 Wn. App. 648, 654, 158 P.3d 113 (2007) (quoting *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

Upon a criminal conviction, a superior court may order the payment of a LFO, which can include restitution, costs, fines, and other assessments. RCW 9.94A.760(1). Costs may be imposed on a convicted defendant for expenses specially incurred by the State in prosecuting the defendant. RCW 10.01.160.

In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that

5

payment of costs will impose. RCW 10.01.160(3). However, the court is not required to enter formal, specific findings regarding a defendant's ability to pay. *State v. Curry*, 118 Wn.2d 911, 916, 829 P.2d 166 (1992).

Still, the trial court must make an adequate record for us to conclude there is a sufficient "factual basis for the defendant's . . . ability to pay." *Baldwin*, 63 Wn. App. at 311. "[W]hen the presentence report establishes a factual basis for the defendant's future ability to pay and the defendant does not object, the requirement of inquiry into the ability to pay is satisfied." *Id.*

Here, section 2.5 of the judgment and sentence shows that the trial court considered Mr. Rutherford's past, present, and future ability to pay and found that Mr. Rutherford had the ability or likely future ability to pay the LFOs.

While the court did not address Mr. Rutherford's ability to pay during the sentencing hearing, the court's finding from the judgment and sentence is supported by the record. Mr. Rutherford's presentence investigation report stated that he graduated from high school one year earlier, had just been hired as a cook, had minimal debt or financial obligations, and was able to provide for himself.

The record provides a sufficient factual basis to determine that Mr. Rutherford could pay LFOs because he was employable, had little debt, and was able to provide for

No. 30984-3-III
*State v. Rutherford*

himself. Thus, the evidence supports the finding in the judgment and sentence that Mr. Rutherford had the ability or likely future ability to pay the ordered LFOs.

We affirm the validity of the guilty plea and the assessment of LFOs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Fearing, J.

7