IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31060-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAROLD ALBERT WILLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Harold Albert Willey appeals his judgment and sentence, contending the sentencing court erred by making an unsupported implied finding on his present or future ability to pay legal financial obligations (LFOs). We disagree with him and affirm.

FACTS

In June 2012, a jury found Mr. Willey guilty of second degree burglary and attempting to elude a police vehicle. At sentencing, he told the court, "I've been holding two jobs the whole time I've been out [at Geiger Corrections Center], you know. I get up at 4:00 in the morning and go to work in the kitchen, and I don't go to bed until 1:00 o'clock at night." 1 Report of Proceedings at 84. The court waived costs and ordered him to pay $600 in mandatory LFOs, including a victim penalty assessment and DNA[1] collection fee, at the minimum rate of $25 per month. The court did not impose

---

[1] Deoxyribonucleic acid.

discretionary LFOs. Upon his request, the court deferred all payments for one year.

In paragraph 2.5 of Mr. Willey's judgment and sentence, the sentencing court stated it "considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." Clerk's Papers at 72. The court made no express finding on his ability to pay LFOs. Mr. Willey appealed.

ANALYSIS

The issue is whether the sentencing court made an unsupported implied finding on Mr. Willey's present or future ability to pay LFOs. If the court had made such a finding, we would review it under the clearly erroneous standard.[2] *See State v. Bertrand*, 165 Wn. App. 393, 404 n.13, 267 P.3d 511 (2011) (citing *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)), *review denied*, 175 Wn.2d 1014 (2012). But the court made no such finding. Even if the court had done so, the finding would be surplusage because our legislature has mandated imposition of the victim penalty assessment and DNA collection fee regardless of the offender's ability to pay them. *See State v. Lundy*, ___ Wn. App. ___, 308 P.3d 755, 759 (2013) (citing RCW 7.68.035(1)(a); RCW 43.43.7541). Moreover, the record would support the finding because Mr. Willey told the court he held two jobs in jail. *See Baldwin*, 63 Wn. App. at 311-12 (affirming a finding that an offender had the present or future ability to

---

[2] A finding is clearly erroneous if, "although there is some evidence to support it, review of all of the evidence leads to a 'definite and firm conviction that a mistake has been committed.'" *Schryvers v. Coulee Cmty. Hosp.*, 138 Wn. App. 648, 654, 158 P.3d 113 (2007) (quoting *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

No. 31060-4-III
*State v. Willey*

pay LFOs where the sole evidence to support it was a presentence report statement that the offender "describe[d] himself as employable"). In sum, the sentencing court did not err.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2/06.040.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Fearing, J.

3