IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30560-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL T. STEELMON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Daniel T. Steelmon appeals the legal financial obligations (LFOs) imposed by the trial court during his second degree theft sentencing. He contends the court erred in finding he has the present or likely future ability to pay. We agree and remand for the trial court to correct Mr. Steelmon's judgment and sentence.

## FACTS

A jury found Mr. Steelmon guilty of second degree theft. The trial court sentenced Mr. Steelmon to 18 months' confinement. During sentencing, Mr. Steelmon submitted a signed affidavit regarding his finances for purposes of appointing appellate counsel. The court reviewed the affidavit on the record and found he was indigent for appeal purposes. The court made no further inquiry into his financial resources and the nature of the burden of imposing LFOs. The record is limited to the court "considering the total amount owing, the defendant's past, present and future ability to pay legal

financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." Clerk's Papers (CP) at 7. Similarly, the court found, "[T]he defendant has the present ability or likely future ability to pay the legal financial obligations imposed herein." *Id.* The trial court imposed LFOs. Mr. Steelmon appealed.

## ANALYSIS

The issue is whether the trial court erred in finding Mr. Steelmon had the present, or future, ability to pay LFOs. Mr. Steelmon contends substantial evidence does not exist to support the court's finding. We agree.

Under RCW 9.94A.760(1), the trial court may impose LFOs as part of the sentence. But, a defendant cannot be ordered to pay costs unless he or she is, or will be, able to pay them. RCW 10.01.160(3). A trial court is not required to enter formal findings of fact about a defendant's present or future ability to pay LFOs at the time of sentencing. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011) (citing *State v. Baldwin*, 63 Wn. App. 303, 311, 818 P.2d 1116, 837 P.2d 646 (1991), *review denied*, 175 Wn.2d 1014 (2012). But, if an unnecessary finding is made, perhaps through inclusion of boilerplate language in the judgment and sentence, this court reviews it under the clearly erroneous standard. *Bertrand*, 165 Wn. App. at 404 n.13 (citing *Baldwin*, 63 Wn. App. at 312). "A finding of fact is clearly erroneous when, although there is some evidence to support it, review of all of the evidence leads to a 'definite and firm conviction that a mistake has been committed.'" *Schryvers v. Coulee*

2

*Cmty. Hosp.*, 138 Wn. App. 648, 654, 158 P.3d 113 (2007) (quoting *Wenatchee Sportsmen Ass'n v. Chelan County*, 141 Wn.2d 169, 176, 4 P.3d 123 (2000)).

The State's burden for establishing whether a defendant has the present or likely future ability to pay discretionary LFOs is a low one. In *Baldwin*, for instance, this burden was met by a single sentence in a presentence report that the defendant did not object to, which stated, "Mr. Baldwin describes himself as employable, and should be held accountable for legal financial obligations normally associated with this offense." 63 Wn. App. at 311.

*Bertrand*, on the other hand, presented the court with a markedly different situation. There, the record showed the trial court acknowledged that Ms. Bertrand had a disability and that her "ability to pay LFOs now or in the near future is arguably in question." 165 Wn. App. at 404 n.15.

Here, like in *Bertrand,* the court found Mr. Steelmon had the ability to pay. During the sentence hearing, the court reviewed an affidavit regarding his finances on the record and found that he was indigent for purposes of an appeal. The court made no further inquiry into Mr. Steelmon's financial resources and the nature of the burden of imposing LFOs. Without more, the court's finding regarding current or future ability to pay is clearly erroneous under *Bertrand.*

The remedy is to affirm the imposition of LFOs, reverse the finding of present or future ability to pay, and "remand to the trial court to strike [the] finding . . . from the

judgment and sentence." *Bertrand*, 165 Wn. App. at 405. We leave challenges to the legal financial obligations for when the State seeks to collect the obligation. *Id.*

Remanded for judgment and sentence correction in a manner consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, A.C.J.

Kulik, J.

4