# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46227-3-II |
| Respondent, | |
| v. | |
| MICHAEL DANIEL BERTLING, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Michael D. Bertling appeals the discretionary legal financial obligations (LFOs) imposed after he pleaded guilty to failure to register as a sex offender. Bertling argues that the trial court failed to take his financial circumstances into account before imposing $400 in court-appointed attorney fees and defense costs. We agree that the trial court erred and remand for resentencing.

## FACTS

As part of his agreement to plead guilty to failure to register as a sex offender, Bertling acknowledged that the trial court would require him to pay mandatory penalties and that the court also could order him to pay "a fine, court costs, attorney fees and the costs of incarceration." Clerk's Papers (CP) at 9. The State recommended that the trial court impose LFOs that included $400 for court-appointed attorney fees and defense costs and $800 for a crime victim assessment, DNA fee, and court filing fee.

During sentencing, the State asked the trial court to impose the recommended LFOs. Defense counsel asked the trial court to find that Bertling was indigent and "perhaps not impose any of the DAC [Department of Assigned Counsel] recoupment. I want him to be able to get back

out of custody, get his job, do everything that he needs to do and try and pay off these court fines, so he can restore his rights." Report of Proceedings (RP) at 8. The trial court imposed the LFOs that the State recommended. A preprinted paragraph in Bertling's judgment and sentence stated that

> [t]he court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.

CP at 23. Bertling now appeals the imposition of the discretionary LFOs imposed for defense costs.

ANALYSIS

Bertling argues that the trial court erred in imposing discretionary LFOs without taking into account his individual financial circumstances. By objecting to the imposition of these LFOs during sentencing, Bertling preserved this issue for review. *State v. Lyle*, 188 Wn. App. 848, 852, 355 P.3d 327 (2015).

While Bertling's appeal was pending, the Washington Supreme Court decided *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). The *Blazina* court relied on RCW 10.01.160(3) in holding that sentencing courts must inquire into a criminal defendant's financial circumstances and ability to pay before imposing discretionary LFOs as sentencing conditions. 182 Wn.2d at 837-38.

RCW 10.01.160(3) provides that a sentencing court "shall not order a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." This statute applies only to

discretionary LFOs. *State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013). For mandatory LFOs such as victim assessments, DNA fees, and criminal filing fees, the legislature has divested courts of the ability to consider a defendant's ability to pay before imposing such obligations. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

The *Blazina* court held that a cursory inquiry into a defendant's financial circumstances is insufficient when a court is considering discretionary LFOs:

> [T]he court must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry. The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay. Within this inquiry, the court must also consider important factors . . . such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay.

182 Wn.2d at 838.

We review a sentencing court's imposition of discretionary LFOs under a clearly erroneous standard. *State v. Bertrand*, 165 Wn. App. 393, 403-04, 267 P.3d 511 (2011); *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991). A sentencing court's decision is clearly erroneous and must be reversed when review of all the evidence leaves the reviewing court with the "'definite and firm conviction that a mistake has been committed.'" *Lundy*, 176 Wn. App. at 105 (quoting *Schryvers v. Coulee Cmty. Hosp.*, 138 Wn. App. 648, 654, 158 P.3d 113 (2007)). "The inquiry is whether the court's determination [that the defendant is or will be able to pay the LFOs] is supported by the record." *Baldwin*, 63 Wn. App. at 312 n.27. Although formal findings of fact are not required, the record must be sufficient for us to review whether the trial court made the individualized inquiry that *Blazina* requires. 182 Wn.2d at 838.

The State argues that the record establishes an adequate factual basis concerning Bertling's ability to pay because defense counsel asked the court to defray the defense costs so that Bertling could "get his job" and pay off the rest of his court fines. RP at 8. We do not see this single

statement as evidence that Bertling had an existing job or that he would be otherwise able to pay the fines incurred.

The State also argues that because Bertling agreed to pay the defense costs as part of his plea agreement, he may not challenge them now. We disagree. Bertling's acknowledgement that the court had the authority to impose defense costs did not mean that he agreed to the imposition of $400 for those costs without the required inquiry.

Finally, the State argues that this issue is not ripe for review because it has not yet attempted to collect the LFOs. The *Blazina* court disposed of this argument by ruling that LFOs may be challenged upon imposition because the challenge is primarily legal, does not require further factual development, and involves a final action. 182 Wn.2d at 832 n.1 (citing *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008)).

Because the trial court did not make the required inquiry into Bertling's ability to pay the discretionary LFOs imposed, we remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.

4