142 P.3d 175 (2006)
STATE of Washington, Respondent,
v.
Reynaldo A. ORTEGA, Appellant.
No. 55666-5-I.
Court of Appeals of Washington, Division 1.
August 21, 2006.
*176 Oliver Davis, Magda Baker, David Donnan, Washington Appellate Project, Seattle, WA, for Appellant.
Catherine McDowall, Deborah Dwyer, King County Prosecutor's Office, Seattle, WA, for Respondent.
BECKER, J.
¶ 1 Reynaldo Ortega appeals his three convictions for felony violation of a protection order. Such violations are felonies when the defendant has two prior convictions for violating protection orders. Ortega contends that his convictions cannot be felonies because the jury was told not to consider his prior convictions for any purpose other than to evaluate his credibility. The limiting instruction did not, however, prevent the jury from concluding that the prior convictions existed. We affirm the felony convictions.

FACTS
¶ 2 Mia Costello, age 18, began dating Ortega in the summer of 2004. Costello broke up with Ortega after two months. Soon after the break up, Ortega was arrested for assaulting Costello. He pled guilty to the assault charge. Costello obtained a protection order. One week after getting the order, she received three collect calls from Ortega, who was in jail. The State charged Ortega with three counts of felony violation of a protection order.
¶ 3 Before trial, the State agreed that Ortega's guilty plea in the 2004 assault case was not admissible under ER 404(b). But when Ortega testified at trial, the court ruled that he opened the door to the prior assault conviction when he insisted that he had been falsely arrested. By agreement of the parties, the court gave the jury a limiting instruction. The instruction directed them to consider evidence that Ortega had previously been convicted of a crime only for its bearing on the weight or credibility of Ortega's testimony and not as evidence of his guilt.
¶ 4 The three protection order violations for which Ortega was being tried were felonies only if Ortega had two prior convictions for violating protection orders. The parties agreed that the prior convictions were elements that had to be proved to the jury. The State introduced proof in the form of a stipulation informing the jury that Ortega had been convicted in 1997 on two counts of protection order violations.
¶ 5 The jury convicted Ortega on all three charges and returned a special verdict finding that he had been twice convicted in the past for violating protection orders. The court sentenced Ortega to 43 months on the three felony convictions. He appeals.

EVIDENCE OF PRIOR CONVICTIONS
¶ 6 On the one hand, the jury was presented with a stipulation that Ortega had two prior convictions. The court instructed the jury that if they found the defendant guilty of the three current violations, they should answer the following question on a special verdict form: "Has the defendant twice been previously convicted for Violation of the provisions of a No Contact Protection Order?" The jury answered, "Yes."
¶ 7 On the other hand, to mitigate the effect of the mid-trial decision to admit the 2004 assault conviction, the court gave the jury the following limiting instruction:
Evidence that the defendant has previously been convicted of a crime is not evidence of the defendant's guilt. Such evidence may be considered by you in deciding *177 what weight or credibility should be given to the testimony of the defendant and for no other purpose.
¶ 8 Ortega contends that the limiting instruction, though intended only to limit the jury's use of the 2004 assault conviction, also affected the jury's consideration of the two 1997 convictions. He argues that the jury could not have considered the 1997 convictions to find him guilty on the current charges because the limiting instruction told them to consider the 1997 convictions only to evaluate his credibility. He therefore contends that the jury lacked evidence upon which to conclude he had those two prior convictions.
¶ 9 Jury instructions, when not objected to, become the law of the case. A defendant may assign error to elements added under the law of the case doctrine, and that assignment "may include a challenge to the sufficiency of evidence of the added element." State v. Hickman, 135 Wash.2d 97, 102, 954 P.2d 900 (1998). In Hickman, the trial court's to-convict instruction included venue as an element. Because the State did not object, venue became an element that the State had to prove "even though it really is not an element." Hickman, 135 Wash.2d at 99, 954 P.2d 900. Because the State did not prove venue, the court reversed the conviction for insufficiency of the evidence and dismissed with prejudice. Ortega contends the limiting instruction similarly became the law of this case as to the 1997 convictions even though there really was no reason to prevent the jury from considering them.
¶ 10 Even if the limiting instruction became the law of this case as to the 1997 convictions, it did not deprive the jury of sufficient evidence upon which to find that Ortega had been twice convicted in the past. The limiting instruction required the jury to consider "evidence of a prior conviction" for no purpose other than evaluating the weight and credibility of Ortega's testimony. To use the prior convictions for the purpose of evaluating Ortega's testimony, the jury would first have to find that those prior convictions existed. The jury could properly consider the stipulation as evidence of the existence of the two prior convictions. This is the finding they made when they filled out the special verdict form. Having found that the 1997 convictions did exist, the jury would then follow the limiting instruction and not consider the 1997 convictions as evidence of Ortega's guilt on the three charges for which he was on trial.
¶ 11 In a case such as this where a prior conviction is an element of the current charge, and a different prior conviction is also admitted as bearing on credibility or for some other purpose, it would be preferable for the court to tailor the limiting instruction so that there can be no mistake which prior conviction it refers to. However, in this case the limiting instruction as given was not logically inconsistent with the jury's task of finding the prior conviction element of the charged crime. We reject Ortega's challenge to the sufficiency of the evidence.

OFFER TO STIPULATE
¶ 12 Before the trial began, the court asked the parties to consider stipulating to the prior convictions that would serve as elements of the felony charges. Ortega offered to stipulate that if the jury convicted him for committing the three violations against Costello (making three telephone calls from jail), these convictions would be felonies. The trial court told Ortega the stipulation would have to say that he had twice been convicted of violating protection orders. At the close of the State's case-in-chief, the court read an agreed stipulation to that effect to the jury. Ortega contends the court abused its discretion by insisting on an instruction that was more prejudicial than necessary.
¶ 13 The State contends that Ortega waived the issue because he agreed to the stipulation. But it is clear from the record that the trial court would not have accepted a stipulation like the one Ortega proposed. We find the issue adequately preserved.
¶ 14 Ortega relies on State v. Johnson, 90 Wash.App. 54, 63, 950 P.2d 981 (1998), and Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In Johnson, the State had to prove *178 that the defendant had been previously convicted of a serious offense in order to convict him of being a felon in possession of a firearm. Serious offenses included violent offenses. Johnson, 90 Wash.App. at 62, 950 P.2d 981 (citing RCW 9.41.010(12)(a)). Johnson, who had been convicted of rape, offered to stipulate to a prior conviction for a violent offense without naming the offense. Johnson, 90 Wash.App. at 60, 950 P.2d 981. The trial court ruled that the State could put on evidence that his prior conviction was for rape. The appellate court held this an abuse of discretion. Evidence likely to provoke an emotional response rather than a rational decision is unfairly prejudicial. The availability of other means of proof is a factor to consider in deciding whether to exclude prejudicial evidence. Johnson, 90 Wash.App. at 62, 950 P.2d 981. "Johnson's proffered stipulation, along with an appropriate jury instruction, would have proved conclusively that Johnson was a felon." Johnson, 90 Wash.App. at 63, 950 P.2d 981.
¶ 15 The United States Supreme Court dealt with a similar situation in Old Chief. The defendant, who had a prior assault conviction, stood trial for assault and being a felon in possession of a firearm. He offered to stipulate to being a felon. The Court ruled that the district court's refusal of Old Chief's offered stipulation was an abuse of discretion under Federal Rules of Evidence 403. Old Chief, 519 U.S. at 191, 117 S.Ct. 644.
¶ 16 This case is not like Johnson or Old Chief. In those cases, the defendant offered to stipulate to the language of the element in question. Ortega's stipulation would have eliminated the statutory language that he agreed was an element: that his convictions were for violating protection orders.
¶ 17 The statute construed in Old Chief made it a crime for a felon to be in possession of a firearm but did not require a specific kind of felony:
The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies, and Old Chief clearly meant to admit that his felony did qualify, by stipulating "that the Government has proven one of the essential elements of the offense."
Old Chief, 519 U.S. at 186, 117 S.Ct. 644. The statute under which Ortega was charged, by contrast, does require certain kinds of crimes: violations of protection orders. Neither Johnson nor Old Chief requires acceptance of a stipulation that would avoid the statutory language on the ground that the statutory language itself was unfairly prejudicial. We find no error in the rejection of Ortega's proposed stipulation.
¶ 18 Ortega also contends that the court erred by failing to read a limiting instruction after reading the stipulation. At the pretrial hearing where the stipulation was discussed, Ortega said he would propose an instruction to read with the stipulation. But at trial, after the court read the stipulation, Ortega did not propose or request such an instruction. He was entitled to do so under ER 105: "The court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Failure to request a limiting instruction waives any error that an instruction could have corrected. State v. Barber, 38 Wash.App. 758, 771, 689 P.2d 1099 (1984).

PROTECTION ORDERSSTATUTORY AUTHORITY
¶ 19 If not for his prior 1997 convictions for protection order violations, Ortega's violations against Costello would be gross misdemeanors. Ortega contends that the court committed reversible error by failing to determine whether the 1997 protection orders were issued under the proper statutes so as to satisfy the predicate requirements for the current felony convictions. He contends that the statutory authority for the orders previously violated is an element of felony protection order violation as defined in RCW 26.50.110(5) and must be proved to the jury beyond a reasonable doubt. We recently rejected this argument in State v. Gray, slip op. at 1, ___ Wash.App. ___, ___, 138 P.3d 1123 (2006).
*179 ¶ 20 Gray also held that a trial court should not admit prior convictions in a felony protection order violation case without first determining that those convictions were for violations of orders issued under the proper statutes. However, a defendant's failure to timely object on this ground waives the issue. Gray, slip op. at 10, ___ Wash.App at ___, 138 P.3d 1123. Because Ortega did not object, he may not complain on appeal that the trial court should have made the determination before admitting the stipulation.

OPEN DOOR EVIDENCE
¶ 21 Ortega contends that the trial court erred in allowing the jury to hear about his conviction for assaulting Costello in 2004.
¶ 22 A trial court's decision to allow cross-examination under the open-door rule is reviewed for abuse of discretion. State v. Wilson, 20 Wash.App. 592, 594, 581 P.2d 592 (1978). A party's introduction of evidence that would be inadmissible if offered by the opposing party "opens the door" to explanation or contradiction of that evidence. State v. Avendano-Lopez, 79 Wash.App. 706, 714, 904 P.2d 324 (1995).
¶ 23 During cross-examination by the State, Ortega answered a question with a long narrative about the history of his relationship with Costello. He said he was arrested in 2004 for assaulting Costello based on a story made up by Costello's father. The trial court ruled that Ortega, by insisting that he had been falsely arrested for the assault in 2004, opened the door to evidence that he pled guilty to that charge.
¶ 24 Ortega claims that the admission of his plea was a misuse of the open door rule in that the prosecutor improperly asked questions that probed into the circumstances of his arrest. The record does not support his argument that the prosecutor "forced" or "pried" the door open. It is true that Ortega did not talk about the arrest during his very short direct examination. His first mention of it during cross-examination was in response to an open-ended question by the prosecutor: "Go ahead and tell us the truth." However, no one forced Ortega to give such a lengthy response to that question. The prosecutor did not seek to impeach Ortega with the prior conviction until Ortega repeatedly and nonresponsively alleged he had been falsely arrested. We find no abuse of discretion in the open door ruling.

STATEMENT OF ADDITIONAL GROUNDS
¶ 25 Pro se, Ortega contends that the prosecutor prevented Costello's father from testifying and that Costello's father lied to the police and prosecutor by saying he had Alzheimer's disease. These contentions are unsupported by the record. Ortega also raises several issues pro se that were raised by his attorney. We decline to analyze them further.
¶ 26 Affirmed.
WE CONCUR: SCHINDLER, A.C.J., and AGID, J.