[No. 40624-1-II.   Division Two.   January 24, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. G.B. BROWN, *Appellant*.

*Thomas E. Weaver Jr.*, for appellant.

*Jon Tunheim*, *Prosecuting Attorney*, and *John C. Skinder*, *Deputy*, for respondent.

¶1 JOHANSON, J. — After a bench trial on stipulated facts, the trial court found G.B. Brown guilty of unlawful manufacture of marijuana and unlawful possession of marijuana with intent to deliver. Brown appeals, arguing that the trial court erred in denying him the opportunity to present the affirmative defense that he was a designated provider under the Washington State Medical Use of Marijuana Act (Act), chapter 69.51A RCW. We agree with Brown and reverse.

## FACTS

¶2 In August 2009, Thurston County sheriff's deputies contacted Brown at his residence because they had received a tip that Brown was selling marijuana. Brown admitted that he was a designated provider of medical marijuana and that he grew and possessed marijuana. The State charged Brown with unlawful possession of a controlled substance, marijuana, with intent to deliver and unlawful manufacture of a controlled substance, marijuana. At a pretrial hearing, Sergeant Tim Rudloff testified that Brown admitted he was the medical marijuana provider for three different people. Brown provided the deputy documentation to support his claim—medical marijuana prescriptions and signed forms designating Brown as the designated provider for Donald Wise and Carl Brewster. Brown also produced for the deputy a medical marijuana prescription for Ernestine Ann Wiggins but not a designated provider form.

¶3 Brown argued that a material issue of fact existed regarding whether he provided marijuana to more than one person at a time. The trial court found that Brown admitted he was a designated provider to three people and that as a matter of law, Brown was the designated provider for more

than one person at a time. The trial court rejected Brown's argument that "at any one time" meant that Brown had to provide marijuana to more than one person at the same point in time. Report of Proceedings (RP) (Mar. 8, 2010) at 37. The trial court found that Brown failed to present a prima facie case that he had complied with the medical marijuana statute and denied Brown the opportunity to present the defense to the jury.

¶4 Brown moved for reconsideration, arguing that he was not a designated provider to Brewster because Brewster would testify that he had never received marijuana from Brown. He also contended that whether he provided marijuana for Wiggins was a factual question for the jury because he had not provided officers with a designated provider form. The trial court denied his motion for reconsideration. After a stipulated facts bench trial, the trial court found Brown guilty of unlawful possession of a controlled substance, marijuana, with intent to deliver and unlawful manufacture of a controlled substance, marijuana. Brown appeals.

## ANALYSIS

¶5 Brown asserts that the trial court erred by denying him the right to present the medical marijuana affirmative defense at trial. He argues that because the statute is ambiguous, we must resolve the ambiguity in his favor; and, he asserts that factual issues exist. We agree that a factual issue exists regarding whether Brown was a designated provider to only one patient at a time under the 2007 Act.

¶6 A designated provider is a person who (1) is 18 years of age or older; (2) has been designated in writing by a patient to serve as a designated provider under chapter 69.51A RCW; (3) is prohibited from consuming marijuana obtained for the personal, medical use of the patient for whom the individual is acting as a designated provider; and (4) is the designated provider to only one patient at any one

time. RCW 69.51A.010(1). And, the 2007 statute provided an affirmative defense for designated providers against Washington laws criminalizing marijuana. Former RCW 69.51A.040(2) (2007).

RETROACTIVE APPLICATION OF AMENDED RCW 69.51A.040

¶7 As a preliminary matter, we note that in 2011, the state legislature amended former RCW 69.51A.040, the particular statute at issue here. We must first decide whether the 2011 amended statute or the 2007 statute applies to this case.

¶8 Washington courts disfavor retroactive application of a statute but may apply an amendment retroactively if (1) the legislature intended to apply the amendment retroactively, (2) the amendment is curative and clarifies or technically corrects ambiguous statutory language, or (3) the amendment is remedial in nature. *State v. Ramirez*, 140 Wn. App. 278, 287-88, 165 P.3d 61 (2007), *review denied*, 163 Wn.2d 1036 (2008).

¶9 First, the legislature is silent on whether it intended to apply the amended statute retroactively. The bill contains no statement of intent because Governor Gregoire vetoed that section.[1] ENGROSSED SECOND SUBSTITUTE S.B. 5073 veto message, 62d Leg., Reg. Sess. (2011) (ESSSB). Second, the amended statute appears to change, as well as clarify, former RCW 69.51A.040. The 2007 statute does not specify when or how a person may terminate a designated provider authorization. In comparison, the 2011 statute specifies not only how to revoke a designation, but for how long a designated provider remains under the protection of former RCW 69.51A.040 after the revocation.

---

[1] In amending the medical marijuana statute, the legislature had declared, in part, that its intent was to "amend and clarify the law on the medical use of cannabis so that . . . [q]ualifying patients and designated providers complying with the terms of this act and registering with the department of health will no longer be subject to arrest or prosecution, other criminal sanctions, or civil consequences based solely on their medical use of cannabis." ENGROSSED SECOND SUBSTITUTE S.B. 5073, § 101(1)(a), 62d Leg., Reg. Sess. (Wash. 2011).

¶10 In addition, under the 2007 statute a designated provider may not *be* the designated provider to more than one patient at any one time. Former RCW 69.51A.010(1) (2007).[2] Under the 2011 amendments, law enforcement must have evidence that the designated provider has *served* more than one qualifying patient within a *15-day period.* RCW 69.51A.040(5). Although the amendments may help clarify the "designated provider" definition, they are not simply remedial or technical because they added new requirements. We conclude that the 2011 amendments do not apply retroactively; therefore, we analyze Brown's claims under the 2007 statute.

## MEDICAL MARIJUANA AFFIRMATIVE DEFENSE

¶11 We review de novo whether the trial court erred in disallowing a medical marijuana defense, a legal question. *State v. Tracy,* 158 Wn.2d 683, 687, 147 P.3d 559 (2006). At a hearing to determine whether a defendant may raise a medical marijuana affirmative defense, a defendant need only make a prima facie case to raise the defense. *State v. Adams,* 148 Wn. App. 231, 235, 198 P.3d 1057 (2009). Although a defendant must show by a preponderance of the evidence that she or he is entitled to the Act's defense, the trial court must take the evidence in the light most favorable to the defendant. *Adams,* 148 Wn. App. at 235.

¶12 Trial courts may weigh issues of law when determining whether to permit a defendant to raise a medical marijuana affirmative defense. *State v. McCarty,* 152 Wn. App. 351, 363, 215 P.3d 1036 (2009) (considering as an issue of law whether a defendant was a designated caregiver). But trial courts may not weigh conflicting issues of fact to deny a defendant the opportunity to present a

---

[2] ESSSB § 401(5) did not directly amend RCW 69.51A.010(1). Rather, the amendment to former RCW 69.51A.040 added additional criteria for determining whether a designated provider complies with the law.

medical marijuana defense. For example, whether a defendant has a qualifying condition is a question of fact that a jury should decide once a defendant presents written authorization from a Washington-licensed physician stating that she or he has a qualifying condition. *State v. Fry*, 168 Wn.2d 1, 18-19, 228 P.3d 1 (2010) (Chambers, J., concurring); *Fry*, 168 Wn.2d at 23 (Sanders, J., dissenting). To the extent that the statute is ambiguous, we must resolve the ambiguity in the defendant's favor under the rule of lenity. *State v. Jacobs*, 154 Wn.2d 596, 601, 115 P.3d 281 (2005).

¶13 Brown had the duty to produce some evidence demonstrating that he was entitled to assert the medical marijuana defense; and, once he did, the trial court could not weigh conflicting issues of fact. *Fry*, 168 Wn.2d at 18-19 (Chambers, J., concurring), 23 (Sanders, J., dissenting). Brown met his burden.

██ ██ ¶14 Under RCW 69.51A.010(1)(d), Brown could lawfully be "the designated provider to only one patient at any one time." The trial court found that since Brown was designated on more than one designated provider form, he was a designated provider for both Wise and Brewster in violation of the law. The court concluded as a matter of law that Brown did not meet the definition of a "designated provider." RP (Mar. 29, 2010) at 14. Brown contends that under RCW 69.51A.010(1)(d), "designated provider to only one patient at any one time" means something more than simply possessing the designated provider forms. Br. of Appellant at 15.

¶15 At the pretrial hearing, Sergeant Rudloff testified that Brown admitted he provided medical marijuana to three different persons. Brown provided documentation to support his claim—medical marijuana prescriptions and signed forms designating Brown as the designated provider for Wise and Brewster. Brown also produced a medical marijuana prescription for Wiggins but not a designated provider form. At the motion for reconsideration hearing, the trial court accepted Brown's offer of proof that Brewster would testify that Brown had not provided him marijuana.

¶16 These facts raise a material issue of fact whether Brown was the designated provider to Wise, Brewster, and Wiggins at one time. Whether and when someone is a designated provider to a particular patient is a factual issue. Possession of designated provider forms is relevant circumstantial evidence but does not dispose of the issue. Because Brewster would testify that he never received any marijuana from Brown, and Brown did not have a designated provider form for Wiggins, a reasonable trier of fact, viewing the evidence in the light most favorable to Brown, could conclude that Brown was a designated provider only to Wise.

¶17 Viewing the evidence in the light most favorable to Brown, we conclude that Brown established a prima facie case to support the medical marijuana affirmative defense. The trial court erred when it denied Brown the opportunity to present this defense at trial.

¶18 We reverse and remand for new trial.

PENOYAR, C.J., and VAN DEREN, J., concur.