FILED
COURT OF APPEALS
DIVISION II

2015 JUL 28 AM 8: 25

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46215-0-II |
| Respondent, | |
| v. | |
| LAURIE K. SPANGLER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. — Laurie Spangler appeals her conviction for maintaining premises for controlled substances purposes. She argues that the trial court erred by denying her right to present a defense when it declined to instruct the jury on the former medical marijuana affirmative defense. We hold that the trial court did not err because Spangler presented insufficient evidence regarding the statutory requirement that a designated provider possess no more marijuana than necessary to supply a qualified patient for 60 days. Accordingly, we affirm Spangler's conviction.

## FACTS

In April 2011, Spangler and her boyfriend operated a business in Centralia called Hub City Natural Medicine (Hub City). The business sold medical marijuana to patients who possessed state-issued identification and a qualified patient authorization form signed by a physician.

Hub City would not sell more than 24 ounces of marijuana to a patient, and only took one patient at a time into the purchasing room. Other patients would wait outside in the store's waiting area. The owners implemented this procedure in order to comply with the provisions of Washington's medical marijuana law as they understood them.

Centralia police officers set up an undercover operation regarding Hub City. Two men were provided with authorization forms and instructed to use them to enter Hub City and purchase marijuana. Both did so and were able to purchase marijuana. Based on these purchases, the police obtained a warrant, searched Hub City, and seized a large quantity of dried marijuana and edible marijuana products.

Spangler was charged with maintaining premises for controlled substances purposes. At trial, she requested an instruction on the former medical marijuana affirmative defense under the Medical Use of Marijuana Act, chapter 69.51A RCW. The trial court declined to give the instruction, ruling that Spangler had not made a prima facie showing that the affirmative defense applied. The jury returned a guilty verdict. Spangler appeals her conviction.

## ANALYSIS

Spangler argues that the trial court violated her constitutional right to present a defense by denying an instruction on the medical marijuana affirmative defense provided by the former RCW 69.51A.040 (2007).[1] The State argues that Spangler did not make the necessary prima facie showing that Hub City limited its possession of marijuana to the amount allowed under that

---

[1] The legislature amended the statute effective July 2011. SECOND SUBSTITUTE S.B. 5073, 62nd Leg., Reg. Sess. (Wash. 2011). The amendments do not apply retroactively. *State v. Brown*, 166 Wn. App. 99, 103-04, 269 P.3d 359 (2012).

46215-0-II

affirmative defense.[2] We agree with the State that Spangler failed to make the necessary showing and therefore was not entitled to an instruction on the medical marijuana affirmative defense.

A.     LEGAL PRINCIPLES

The former statutory medical marijuana affirmative defense provided that "[a]ny person meeting the requirements appropriate to his or her status under [chapter 69.51A RCW] shall be considered to have engaged in activities permitted by this chapter and shall not be penalized in any manner, or denied any right or privilege, for such actions." Former RCW 69.51A.040(2). In order to qualify for the affirmative defense, a defendant had to

> (a) Meet all criteria for status as a qualifying patient or designated provider;
> (b) Possess no more marijuana than is necessary for the patient's personal, medical use, not exceeding the amount necessary for a sixty-day supply; and
> (c) Present his or her valid documentation to any law enforcement official who questions the patient or provider regarding his or her medical use of marijuana.

Former RCW 69.51A.040(3).

A defendant must prove the medical marijuana affirmative defense by a preponderance of the evidence. *State v. Brown*, 166 Wn. App. 99, 104, 269 P.3d 359 (2012). But she need only make a prima facie showing to submit the issue to the jury, and in assessing that showing the trial court must view the evidence in the light most favorable to the defendant. *Id.* In other words, to avail herself of the medical marijuana affirmative defense, Spangler had the burden of producing at least "some evidence" of each statutory element of that defense. *Id.* at 105. We review a trial court's

---

[2] The State also argues that Spangler did not establish prima facie the other elements of the defense: that Hub City was a designated provider or that the customers it served were "qualified patients." Because we decide this case on the basis of the amount argument, we do not address these other arguments.

3

denial of the statutory medical marijuana affirmative defense de novo. *State v. Fry*, 168 Wn.2d 1, 11, 228 P.3d 1 (2010); *Brown*, 166 Wn. App. at 104.

B.    AMOUNT OF MARIJUANA POSSESSED

Spangler's primary argument on appeal is that Hub City qualified as a "designated provider" as required in former RCW 69.51A.040(3)(a). She relies on the decision of Division Three of this court in *State v. Shupe*, 172 Wn. App. 341, 289 P.3d 741 (2012). However, the State argues that even if Hub City met the requirements for designated provider status, Spangler failed to make a prima facie showing that Hub City met the requirement of former RCW 69.51A.040(3)(b) – that it did not possess more than a 60-day supply of marijuana. We agree.

As noted above, the second element of the former medical marijuana affirmative defense required that the defendant "possess no more marijuana than is necessary for the patient's personal, medical use, not exceeding the amount necessary for a sixty-day supply." Former RCW 69.51A.040(3)(b). The amount constituting a 60-day supply was not defined by statute, but a Department of Health (DOH) regulation created a presumption that a 60-day supply was "no more than twenty-four ounces of useable marijuana, and no more than fifteen plants . . . between both a qualifying patient and a designated provider." Former WAC 246-75-010(3)(a)-(b) (2009). The DOH presumption could be overcome only "with evidence of a qualifying patient's necessary medical use." Former WAC 246-75-010(3)(c).

The trial court found that Spangler produced insufficient evidence as to how much marijuana Hub City possessed. Under former WAC 246-75-010(3), the amount possessed by Hub City presumptively had to be combined with the amount possessed by a qualifying patient. According to admitted documents, the police seized 572.5 grams (about 20.2 ounces) of dried

4

marijuana from Hub City. But Spangler produced no evidence of the amount possessed by any qualified patient. One Hub City employee testified that he "could not provide more than 24 ounce [sic] of cannabis to a person," but he did not clarify whether this meant that Hub City did not possess more than those 24 ounces when combined with the marijuana previously provided within 60 days and still possessed by any patient. Report of Proceedings at 131. Therefore, the evidence was insufficient to show the total amount of marijuana Hub City possessed in conjunction with its patients.

Spangler also failed to present evidence as to the amount of marijuana cooked into the various edible marijuana products it sold, and the medical needs of its patients for these products. The DOH regulation specified a presumptively necessary amount only for "useable marijuana," which was defined as "dried leaves and flowers" of marijuana plants. Former WAC 246-75-010(2)(d), (3)(a). Finished goods such as edibles would not have fallen under this definition, and therefore the DOH presumption would not have applied to them. But because former RCW 69.51A.040(3)(b) applies to "marijuana" generally and is not limited by the DOH regulation, Spangler still had the burden of showing prima facie that the marijuana contained in the edibles Hub City possessed did not exceed the amount needed for a patient's 60-day supply. She did not provide evidence on this matter and therefore failed to meet that burden.

By failing to produce evidence of the total amount of marijuana Hub City possessed in conjunction with its patients, the marijuana content of its edible products, and the particular supply needs of its patients, Spangler failed to show that the total marijuana it possessed did not exceed the amount necessary for its patients' 60-day supply under the DOH guidelines. Spangler did not present any further evidence or argument that the DOH guidelines were inapplicable or

5

inappropriate for its particular patients. She therefore failed to make the necessary prima facie showing for the medical marijuana affirmative defense. Accordingly, we hold that the trial court did not err by denying Spangler's proposed instruction on that defense, and we affirm Spangler's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

SUTTON, J.